MR. BAUER. May it please the Court. The Board of Appeals of the U.S. Patent Office erred in their orders below because they both failed to adjudicate the rejections from which the appeal was taken, and they also gave the examiner the discretion to terminate the appeal. It's both of those factors which we think violates the statutory protections that appellants have to appeal from decisions in the patent office. Now, we have not taken a position that either one or the other can occur, but in the simultaneous presence of both, it is improper. At the very least, the orders which dispose of the appeal should indicate the disposition of the rejections from which the appeal was taken. CHIEF JUSTICE ROBERTS. But we only handle decisions of the Board, and we've just said in many cases that a decision has to be final and dispositive on the merits. Has that happened here? MR. BAUER. Yes, that's true, Your Honor. That is the President. CHIEF JUSTICE ROBERTS. Dispositive on the merits of the invention? MR. BAUER. Well, it has to adjudicate the rejections. Now, it's not the claims that are before the Board of Appeals, it's the rejections. And they have to indicate the adjudication of those rejections. CHIEF JUSTICE ROBERTS. Well, but you're still back before the office, aren't you, on the same claims? There hasn't been a disposition of these claims, a final rejection, has there? MR. BAUER. A final rejection by the Board of Appeals? No, there has not. What the Board of Appeals did is they essentially dismissed the appeal. Now, the order that the Board rendered on December 3rd was a bit unusual. What it did is it provided to the examiner that the examiner could either withdraw new grounds of rejection that the examiner had attempted to insert, or the examiner could reopen prosecution pursuant to Section 1207.04 of the MPEP. Now, that section of the MPEP was revised in the mid-2000s to provide that if prosecutions reopened pursuant to that section and the applicant felt necessary to bring another appeal, they would have to file another notice of appeal and pay to file appeal briefs. Now, that is related to the Chief Judge's query to you about what kind of a decision, what kind of a final decision of the Board do we have in front of us. It appeared to me, and correct me if I'm wrong, that what happened here is the Board exercises authority under 4135B in the MPEP. They had before them a file that, in their judgment, wasn't in compliance with the various rules because you had this supplemental answer that had violated the rules. And so they say, after we have received the appeal, if we determine that there's something in it that isn't permissible, then we kick it back. We relinquish our jurisdiction. So it looked to me that this was a procedural step, that there was nothing going to merits, nothing going to whether you're going to win a patent or not a patent, but in a pristine, almost sort of an 18th century common law pleading concept of getting the writ in the right hole, the Board said, well, this one writ is impaired, so we have to send it back. So that was the decision, was it not? Well, the decision was not that the appeal was in any way defective. If I may refer the Court to the order on page 14 of the joint... If it hadn't been for the new matter, new rejection inserted in the supplemental answer, there wouldn't have been a problem here, right? That's correct, Your Honor. So that was the error? Yes, the jurisdiction over the appeal went into effect on May 28, 2009, when all the formalities were taken care of. All the briefs had been filed, and the examiner had accepted the briefs and submitted the appeal to the Board of Appeals for their decision. Your fundamental argument is that the Board had a legal obligation to decide the merits of your appeal. You wanted them to decide whether these final office rejections, which the examiner was trying to withdraw, whether they were any good. Isn't that what you wanted? No, our position is that they have to indicate the disposition of the claims. If they are disposing of the appeal because the examiner has withdrawn the claims, that should be indicated in the order. And if that order is of a type which... What would have happened if the examiner, in his answer, had entered a new ground of rejection? In the examiner's answer? Yeah, the examiner says, you know, you got your appeal, and then you got the examiner's answer. The examiner is entitled to do that if he wants to, right? Yes. If he'd done that, then wouldn't it have been kicked back? Yes, at that point in time it would have been appropriate, but those are not the circumstances here. But why should this result in a different obligation on the part of the Board? Because what these actions do is they narrow the jurisdiction of the Board. They narrow the opportunity for applicants to submit their appeal to the Board and have it decided. The right to an appeal by an applicant is in the statute that once their claims have been rejected twice, they are entitled to have an appeal and to have that appeal considered as to those rejections. So the proper course of action here, if the examiner wishes to withdraw the rejections, is for the Board of Appeals to note that the rejections have been withdrawn and therefore dismiss the case on that basis. The reason why there is consequence here is because the reason why the appeal is being dismissed is due to the subsequent action of the examiner, not any action by the appellants. And in these cases, the Congress has provided for patent term adjustment for successful appeals. But that comes later. Doesn't that come later? I mean, you can't have an interlocutory appeal here and have us make a magical pronouncement that you get a patent term restoration, right? Well, if that is the Court's ruling today, then we will address that issue at that time. But our concern is that at the time of patent term adjustment, if we say the order would... Which would come later. The whole point is we have nothing before us to review. There is no final rejection that disposes of the merits of this invention. That's still pending somewhere, isn't it? Isn't your application still under review? No, it's not. As far as... No, it's not, Your Honor. It's before the Board of Appeals. Yes. The Board has it. It's under review at the Board, right? Right. And what the Board has done is the Board has given the examiner the discretion to say, I would like to make new grounds of rejection, so please terminate the appeal and let me have another opportunity to make a rejection. The statute does not say, you know, twice rejection, twice rejection.  It's just a very simple question. Where is the final decision of the Board? The December 3, 2009 order we submit is a final... It's an order sending something back to the examiner. That is not a final rejection. They did not say, you do not get a patent. That you can bring to us. You can't bring to us a procedural matter. Now, you can criticize the procedure and it seems to me that it is a little Byzantine in some of the procedural intricacies, but you can't come here with that until you have a final rejection. The old, could you preserve, could the argument you're making now, could you preserve it? Let's assume that you go back into prosecution. The examiner's got some new grounds of rejection. They reject you. You go up to the Board and it's all very clean. You file an appeal. They file an answer. You don't bring anything up new in your answer, so there's no cert reply and you lose when you come here. Can't you renew this argument that there was this error during the earlier proceeding that harmed you? Can you answer that yes or no? It just seemed to me like this proceeding is not snuffing out your right in a subsequent appeal to raise this matter. That's right, Your Honor. We could file a new notice of appeal and proceed with a second subsequent appeal. What are the patent term extension consequences going to be in that case? Let's assume you won. On my hypothetical, you had to have won at the Board. No, you lost at the Board which is why you appealed here. So you don't get anything for that. But if you win here, what are your patent term extension consequences? If you only won here on the argument that you've raised now. Yes, but what Your Honor is talking about is that there would be a subsequent appeal, which would be the third appeal that we've had on this claim. And that for the second appeal, we would not receive patent term because we would not have a decision in which we were successful. So we would not receive patent term adjustment for the second appeal to the Board. For the third we would if we were successful. And if you are denied a patent term adjustment after you receive a patent and you have a patent with a term to adjust and they deny it and you have an argument that it's their fault they should have given you that adjustment, can't you appeal here just as they did in Wyeth v. Kapos and we restored some term to a patent? But in Wyeth v. Kapos, that was based on the written record that was in that case. In this case the written record would of course not be a successful disposition of the second appeal to the Board and we would have to collaterally attack the earlier Board decision. But the point is that you're having another bite at the apple. I'm sorry. You both were talking at the same time. I think we're saying the same thing that the record would include the procedural difficulties that you're facing now. That is true, Your Honor. We obviously are attempting to reserve these issues so that we can't be able to have acquiesced. Another way to look at what's happening here from our perspective may be that you're trying to get an interlocutory appeal. Well, I think what's happened so far before you have a final decision that would incorporate a record that would give basis for the grounds for the interlocutory appeal. Well, I think the other actions that we're taking here that are jurisdictional in nature and when you look at what the examiner did and what the Board did the Board ended the appeal because the examiner wanted to make new grounds of rejection. There's no limitation on that ability of the examiner to do that. The examiner could do it anytime while the appeal was pending, one day before the decision was rendered by the Board. And so the appellants who are reliant upon this procedure, which is the only pathway to judicial review, is being narrowed because the examiner has the discretion while the appeal is pending to supplement the rejections. That's why we've also asked... Am I correct that when the examiner files his answer, he can introduce a new ground of rejection if he wishes? Everything is not an automatic pushback. You get a chance to reply to that, right? Right. And the examiner's answer before the reply briefing, before the examiner submits it to the Board. In this case, this came out of circumstances that were unrelated to that and the examiner decided that she was going to change the rejection and withdraw the rejection as to two dependent claims out of 25. As to our main claim 1, we are still unable to get any appellate review of that claim. Now, that's correct because there's been no disposition. You'll get it later, won't you? If they deny it, you'll be back here. If they grant it, you won't need to be here, will you? I understand, Your Honor. Okay. Although you may want to come back here if they deny you a patent term adjustment, but you're here a little early. Let's hear from Mr. Johnson. May it please the Court. I believe that this Court is correct that there is no decision for this Court to review. In order for this Court to have jurisdiction to hear the appeal, there needs to be a dispositive ruling that ends the litigation on the merits and we just don't have that here. All we have is procedural order from the Board which simply sent the case back to the examiner for the examiner to act appropriately with respect to what the examiner wants to do concerning the rejections. This case does not involve a decision which this Court has said is appropriate for appeal. In essence what Riggs is requesting is for this Court to handle his application piecemeal, and piecemeal appeals are completely inappropriate as this Court has repeatedly said. With respect to PTA, he alleges that his PTA rights at some point might be violated by what happened here, but if and when he gets a patent and if he's dissatisfied with the calculation that's been afforded to him, then he can request reconsideration of that particular calculation. But at this point it's premature. But you'll agree that if he had gotten a decision of some sort, then there would have been some assurance of a patent term adjustment, whereas now he may have a right to argue for it, but not necessarily a right to get it. That's correct, Your Honor. If that had been an appropriate decision, then the situation would be completely different, but that's not what we're dealing with here. Those facts are completely not before this Court. I have one technical question on page 20, if you're free. Thank you. At the very end of the carryover paragraph where you've cited MPEP 1203, and then the last sentence of that carryover paragraph, examiner's answer that contains a new ground objection will be given back to the examiner. That's not correct, is it? I'm sorry. Could you point to where you... The last sentence of the carryover paragraph on page 20. For example... The examiner's answer that contains a new ground of rejection isn't going to be given back, right? It doesn't have to be only the situation in which the new ground wasn't signed by the technology center director? Your Honor, whenever an examiner issues a new ground of rejection, at that point the applicant has two options. The applicant can either request that the appeal continue on or request that the prosecution be reopened. Right, but your sentence... I think your sentence... I'm just trying to... I think this is incorrect, this sentence. I just wanted to point that out. Gotcha, Your Honor. If it's... It's not true. It's an examiner's answer that contains a new ground of rejection. It says, will be given back to the examiner. No. It would be given back to the examiner if there is a request by the applicant to reopen prosecution. But that's not what they say. It doesn't say that in its entirety. I can see that, Your Honor. It's just a little floppy here, right? Sure. I didn't mean to confuse the court. It's helpful to me, at least, who didn't grow up in the patent world, that if I have to play in this game of utter technicality, I'd like it if the patent office would be utterly technical. Understood, Your Honor. Not turn my little brain inside out worrying about that. Okay. But yes, whenever there is a new ground of rejection, the applicant has one of those two options. Actually, if your new ground of rejection that's in your answer hadn't been approved by the tech center, it gets kicked back. That's correct. That's what the NPEP says. Right. That's one of the technical defects that could cause it to go back to the court. If there are no further questions... Thank you, Mr. Johnson. Bauer, you have a minute and a half. Thank you, Your Honor. One point I want to make before my time is up is its reference to the piecemeal examination. We have a difficulty because our main claim, claim one, we are unable to have appellate review of that claim because the examiner, while the appeal was pending, decided to do new grounds of rejection for two dependent claims. Now, in the third appeal, if the same thing happened, what is to prevent us from having new grounds of rejection for claim 24? And we, again, cannot get to the point where the merits of the rejection are reached. We have this difficulty that from our point of view, this is piecemeal examination where we're not able to get appellate review. Now, one of the things that we are concerned about is our application is pending. There is value to having the Board review the rejections of claim one. Those rejections, even though the examiner purportedly withdrew the rejections, the rejection of claim one after that supplemental examiner's answers with respect to the anticipation of rejection is similar. It's the same rejection, the same reference. Some of the supporting comments are different. The rejection under 35 U.S.C. 12, second paragraph is verbatim the same as the rejection that was in the case before. That rejection is not withdrawn as the examiner said it was and as the Board relied upon. It is simply changing one or two claims out of 25 and as a consequence of that, we lose jurisdiction over the appeal. And there's nothing in the statute of regulations which puts any limit on that process. So we are very much at the mercy of this Court to ensure that we get appellate review as we are entitled to under the statute which says twice rejected, not three times rejected or not with the acquiescence of the examiner. It is our right to an appeal. Thank you, Mr. Johnson.